**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TIMOTHY GROSS

    Plaintiff,

        v.

OLIVIA L. VILLENEUVE, DAVID
VILLENEUVE, PAMELA VILLENEUVE,
and AMERICAN NATIONAL PROPERTY
AND CASUALTY CO.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

    Civil Action No. 23-705
    Judge Nora Barry Fischer

## MEMORANDUM OPINION

## I.      INTRODUCTION

Currently pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Docket No. 44) in this action for damages allegedly resultant from a March 17, 2022 motor vehicle accident.[1]  As Defendant American National Property and Casualty Co. ("Insurer") succinctly notes in its Brief in Opposition to Plaintiff's Motion (Docket No. 48): Plaintiff conflates Defendants' appropriate concession of Olivia Villeneuve's responsibility for the rear-end collision[2] with an entitlement to a further concession of causation of/liability for physical injury/harm alleged by Plaintiff.  For the reasons set forth below, Plaintiff's Motion, which has

---

[1] The Court notes that Plaintiff's counts for negligent entrustment against David and Pamela Villeneuve (Counts II and III) were dismissed by stipulation.  (Docket Nos. 11 and 12).

[2] *See* Docket No. 36 (Joint Status Report of April 30, 2024, noting that Defendants had already admitted that Villeneuve rear-ended Plaintiff and thus agreed that she was negligent, but that Defendants dispute that Plaintiff was injured thereby or that they are liable to Plaintiff).

been fully briefed and is ripe for disposition, is granted solely as to Defendant Villeneuve's negligence, which has been conceded,[3] and is otherwise denied.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Following the March 17, 2022 rear-end collision, in which Plaintiff's automobile was struck by that of Defendant Villeneuve, Plaintiff sought and received chiropractic and other medical treatment for assertedly resultant physical injuries, including cervical and thoracic injuries.  On March 31, 2023, Plaintiff's expert, Dr Navalgund (a pain management physician) opined that Plaintiff was injured by the collision.  By letter report of January 22, 2024, Defendant Insurer's expert, Dr. Levy (who had examined Plaintiff five days prior) noted that Plaintiff reported that he developed neck pain shortly after the impact and subsequently sought chiropractic treatment, which he had previously undergone, for cervical and upper and lower back pain (which he reported as his accident injuries.  (Docket No. 45-5 at 2-3).  Dr. Levy went on to opine that "based on the mechanism of injury, [Plaintiff's] subjective complaints and record review, [Plaintiff] had clinical findings consistent with cervical [and/or thoracic] sprain and strain . . . ." (*Id.* at 6).[4]

Plaintiff's pending motion alleges that there is no material fact question that Defendant Villeneuve rear-ended Plaintiff *and* that he was injured as a result.  More specifically, Plaintiff alleges entitlement to summary judgment on the elements of (a) Plaintiff's negligence, under 75 Pa. C.S. § 3361, and (b) factual causation.  (Docket No. 45 at 3-4) (asserting that Villeneuve's

---

[3] *See supra,* n. 2; Docket No. 49 at 3 ("Defendants do not contest Plaintiff's position" and "do not oppose Plaintiff's Motion for Partial Summary Judgment" as it pertains to said negligence).

[4] Dr. Levy's report also notes that Plaintiff obtained chiropractic treatment from March to September 2022 and saw Dr. Navalgund on a single occasion, in March 2023.  Dr. Levy's post-consultation impression was that while Plaintiff had ongoing subjective complaints of discomfort, he had normal motor function, sensory function, reflexes throughout his upper and lower extremities and no manifestations of cervical radiculopathy or myelopathy – *i.e.*, no evidence of functional impairment. His diagnosis was cervical degenerative disc disease and the above-noted sprain/strains. (*Id.*).

rear-end collision was negligence *per se* and that Defendant's expert concluded that the March 2022 accident caused Plaintiff some physical injury). Defendant has conceded the first allegation and, as discussed in Section IV below, disputes the second. (Docket No. 48).

## III.    APPLICABLE STANDARDS OF REVIEW

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party,[5] the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a) & (c)(1)(A). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact; that is, the movant must show that the evidence of record is insufficient to carry the non-movant's burden of proof. *Id.* Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting FED.R.CIV.P. 56(e)) (emphasis added by *Matsushita* Court).

An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986). In *Anderson*, the United States Supreme Court noted the following:

---

[5] *See Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007) (noting that the court must interpret the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor).

> [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . . [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id*. at 249-50. *See also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005).

## IV.    ANALYSIS

In brief, Plaintiff asserts entitlement to summary judgment on "factual cause" on grounds that where both parties' medical experts attribute some degree of injury to the negligent act (disputing merely the degree/extent), a jury cannot excuse the defendant from any degree of causal liability for harm but must find that defendant's negligence was a substantial factor in causing some injury. And he does so in reliance on cases in which a plaintiff has been granted a new trial in those circumstances. Docket No. 45 (citing, *e.g.*, *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. 2002) (holding that, where defense medical expert's trial testimony conceded that accident caused some injury to motorist, jury could not find that negligence was *not* substantial cause of *any* injury to motorist, but *could* deny damages if injury was not serious enough to warrant compensation); *id.* (declining to disturb trial court's grant of a new trial on damages as within its discretion).[6] The Court notes that an appellate court's affirmance of a trial court's discretionary finding that a jury verdict was against the weight of the evidence is less persuasive as support for Plaintiff's motion for a pre-trial grant of summary judgment on causation (a request for which he cites no direct authority). *See infra*, n. 8.

---

[6] *See also id.* at 8 (citing *Barnish v. KWI Bldg. Co.*, 916 A.2d 642, 645 (Pa. Super. 2007) (discussing strict product liability in affirming trial court's grant of summary judgment in a manufacturer's favor)). Plaintiff apparently cites this case in further support of the largely self-evident principle that a jury cannot reach a conclusion which flatly contradicts a party's own clear concession (*i.e.*, which is overtly against the weight of the evidence). *See Barnish*, 916 A.2d at 644 (where plaintiff conceded that sensors worked properly since time of installation ten years prior, reasonable jury could not conclude they were defective for purposes of establishing a product liability claim).

4

Moreover, the Court concurs with the holding of *Bezerra v. National RR Passenger Corp.*, 760 A.2d 56 (Pa. Super. 2000)*, in which the Pennsylvania Superior Court concluded that a defense expert's opinion that the plaintiff suffered an injury, based on the history given to him, is not an uncontroverted admission and jury was free to render its decision. *Id.* at 61-62 (affirming jury verdict for defendant and noting that IME physician's testimony was based on history provided by plaintiff); *id.* (citing *Holland v. Zelnick*, 478 A.2d 885 (Pa. Super. 1984) (issues of whether appellant was suffering any pain and whether any such pain was caused by appellee's conduct were for the jury, which was not required to award any amount). A medical expert report concluding that, based on the evidence provided (including a plaintiff's history and subjective complaints), the "mechanism of injury" and clinical findings were "consistent with" some of the allegedly consequent injuries (*i.e.*, some injury could be resultant from the collision),[7] is simply not a concession. To the contrary, it is an insufficient basis on which to usurp a trial jury's credibility determinations and broader fact-finding role.[8]

---

[7] *See* Docket No. 47 at 2 ("Dr. Levy stated in his IME report, 'it *appears* within a brief period of time he [the plaintiff] developed the onset of cervical and thoracic pain, and based on the mechanism of injury, *I believe* this would be *consistent with* cervical and thoracic sprain and strains.'") (emphasis in original); Docket No. 44-5 at 3 (noting that Plaintiff reported neck/cervical pain shortly following the accident and that he sustained injuries to his neck and upper and middle back which continued as stiffness and pain).

[8] *See* Docket No. 48 at 2 (noting that the *Bezerra* Court" referenced earlier case law in which it upheld *zero* verdicts where the defense expert testified that the accident may have resulted in some injury) (emphasis in original); *id.* (also citing *Henery v. Shadle*, 661 A.2d 439 (Pa. Super. 1995), *appeal denied*, 668 A.2d 1133 (Pa. 1995)). *See also* Docket No. 49 at 4 (citing *Sicchitano v. Presbyterian Med. Ctr. of Washington*, 2016 WL 400480 (Pa. Super. Feb. 1, 2016) (distinguishing *Andrews* where experts did not concede injury/harm caused by defendant's negligence).

The Court further notes - as an additional reason to deny Plaintiff's motion (although no more is needed) - that experts' reports (*sans* more, *e.g.*, depositions) simply provide "notice about the scope of [their] potential testimony". *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2012 WL 5451495, at *3 (W.D. Pa. Nov. 7, 2012) (citing *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729 (7th Cir. 2010) ("The purpose of the [expert] report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response.")). At this point in the litigation, the experts have not provided any sworn testimony and their opinions have not been subject to cross-examination. *See Stokes v. Janosko*, 2018 WL 3361456, at *3 (W.D. Pa. July 10, 2018).

**V.      CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Partial Summary Judgment (Docket No. 44) is GRANTED solely as to Defendant Villeneuve's negligence, which has been conceded, and otherwise DENIED.  An appropriate Order follows.

Dated:  January 22, 2025

*/s/Nora Barry Fischer*
Nora Barry Fischer,
Senior U.S. District Judge

cc/ecf: All counsel of record